UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

KEVIN WILSON,
also known as William Bell,

          Petitioner,

Case Number: 1:13-CV-11213
Honorable Thomas L. Ludington

v.

RANDALL HAAS,

          Respondent.
_____/

**OPINION AND ORDER DISMISSING PETITION FOR WRIT OF
HABEAS CORPUS, DENYING CERTIFICATE OF APPEALABILITY AND
DECLINING LEAVE TO APPEAL IN FORMA PAUPERIS**

    Petitioner Kevin Wilson is a state inmate at the G. Robert Cotton Correctional Facility in Jackson, Michigan, who initiated this habeas case under 28 U.S.C. § 2254.  Petitioner is incarcerated on a breaking and entering conviction not related to this case.  His petition is related to arrest warrants and complaints issued by the 36th Judicial District Court in April 2010 for his failure to comply with the Michigan sex offender registration laws.  Petitioner claims that his right to due process and a speedy trial have been violated because he has not yet been tried on these charges.

    Because Petitioner has not properly exhausted his state court remedies, his petition will be dismissed without prejudice.

I

A

Upon the filing of a habeas corpus petition, the Court must promptly examine the petition to determine "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, Rules Governing Section 2254 cases. If the Court determines that the petitioner is not entitled to relief, the Court is to summarily dismiss the petition. *McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face"). The claim presented in the habeas petition is unexhausted and therefore Petitioner is not entitled to relief. Accordingly, the petition will be dismissed without prejudice.

B

Title 28 U.S.C. § 2241 establishes jurisdiction in the federal courts to consider pretrial habeas corpus petitions. *Atkins v. People of the State of Michigan*, 644 F.2d 543, 546 (6th Cir. 1981). However, "courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state courts or by other state procedures available to the petitioner." *Id.* Abstention from intrusion into state court proceedings is justified by the doctrine of comity, which reduces friction between state and federal court systems by providing state courts the "opportunity to correct a constitutional violation in the first instance." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). The requirement that a habeas petitioner exhausted state court remedies before seeking relief in federal court "protect[s] the state courts' opportunity to confront initially and resolve constitutional issues arising within their jurisdictions and to limit federal judicial interference in state adjudicatory processes." *Atkins*, 644 F.2d at 546. State prisoners in Michigan must raise each claim in the Michigan Court of Appeals

and in the Michigan Supreme Court before seeking federal habeas corpus relief. *See Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990).

Since Petitioner's claim may be resolved in the state court criminal proceeding or on appeal; Petitioner, therefore, must await resolution of his claim at trial and, if he is convicted, on appeal before he can file a habeas corpus petition. *Accord Campbell v. Zych*, No. 08-14804, 2009 WL 377081, at *2 (E.D. Mich. Feb. 11, 2009) (summarily dismissing habeas petition filed by pretrial detainee where claims had not been exhausted); *Jenkins v. Montgomery County Jail*, 641 F.Supp. 148, 149 (M.D. Tenn. 1986) (dismissing habeas petition filed by pretrial detainee alleging due process violations where petitioner failed to provide state courts with initial opportunity to pass upon claims).

A federal court may "sometimes appropriately interfere by habeas corpus in advance of final action by the authorities of the State," but such cases are "exceptional" and of "great urgency." *Urquhart v. Brown*, 205 U.S. 179, 182 (1907); *Smith v. Evans*, No. 08-11188, 2008 WL 880007, at *2 (E.D. Mich. March 31, 2008). Petitioner has not identified any urgent circumstances sufficient to warrant interference by this Court in a matter pending in state court.

Additionally, the Court certifies that any appeal by Petitioner would be frivolous and not in good faith. *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962). As this is the case, the Court will not grant Petitioner a certificate of appealability or *in forma pauperis* status should he seek to appeal this order.

**II**

Accordingly, it is **ORDERED** that the petition for a writ of habeas corpus, ECF No. 1, is **DISMISSED WITHOUT PREJUDICE**. Furthermore, reasonable jurists would not debate the Court's assessment of Petitioner's claim, nor conclude that the issues deserve encouragement to

proceed further. The Court therefore **DENIES** a certificate of appealability under 28 U.S.C. § 2253(c)(2).

It is further **ORDERED** that the Court **DECLINES** to grant Petitioner *in forma pauperis* status on appeal.

Dated: May 22, 2013                                                                  s/Thomas L. Ludington
                                                                                                   THOMAS L. LUDINGTON
                                                                                                   United States District Judge

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail, and upon Kevin Wilson #164099, G. Robert Cotton Correctional Facility, 3500 N. Elm Road Jackson, MI 49201 by first class U.S. mail, on May 22, 2013.
                              s/Tracy A. Jacobs
                              TRACY A. JACOBS