UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

KEVIN WILSON,
aka WILLIAM BELL,

       Petitioner,                                    Case No. 13-11213
                                                    Honorable Thomas L. Ludington

v.

RANDALL HAAS,

       Respondent.
_____/

**OPINION AND ORDER DENYING
PETITIONER'S MOTION FOR RECONSIDERATION**

Kevin Wilson filed a petition for habeas corpus pursuant to 28 U.S.C. § 2254. He is currently incarcerated in Jackson, Michigan on a breaking and entering conviction not related to this case. Wilson's petition instead relates to arrest warrants and complaints issued in April 2010 for his failure to comply with the Michigan sex offender registration laws. He claims that his right to due process and a speedy trial have been violated because he has not yet been tried on these charges.

On May 22, 2013—after finding that Wilson had not properly exhausted his state court remedies—this Court dismissed his habeas petition without prejudice. *See* May 22, 2013 Op. & Order, ECF No. 5. Less than two weeks later, Wilson filed a memorandum of law in support of his petition, which he captioned as a "Motion for Reconsideration of Order Dismissing Petition." *See* Pet'r's Mot. 1, ECF No. 8.

In Wilson's motion, he again alleges that "[t]he Wayne County Prosecutor has failed to make a good faith effort to bring the charges to trial within 180 days." Pet'r's Mot. 2 (citation omitted). He continues,

> The evidence in this case shows that the length of delay has been over 18 months, there is no compelling or justifiable reason for the delay, that the Petitioner has asserted his rights and attempted to resolve the warrant and complaint but has been totally ignored, and Petitioner has been unduly perjudiced [sic] where justice delayed is justice denied and where witnesses cannot be located.

*Id.* at 3 (citation omitted).

Local Rule 7.1 allows a party to bring a motion for rehearing or reconsideration where the Court has been misled by a palpable defect, and where "correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1(h)(3). Such a motion, however, will not be granted if it "merely present[s] the same issues ruled upon by the court, either expressly or by reasonable implication." *Id.*

Here, Wilson's motion for reconsideration presents nothing new. His allegations that he has been denied due process and a speedy trial have been previously considered and rejected. *See* May 22, 2013 Op. & Order 2–3. As before, Wilson's claims "may be resolved in the state court criminal proceeding or on appeal; [Wilson], therefore, must await resolution of his claim at trial and, if he is convicted, on appeal before he can file a habeas corpus petition." *Id.* at 3 (citations omitted). The logic underlying this determination is sound. Although 28 U.S.C. § 2241 establishes jurisdiction in federal courts to consider pretrial habeas corpus petitions, "the courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state courts or by other state procedures available to the petitioner." *Atkins v. People of the State of Michigan*, 644 F.2d 543, 546 (6th Cir. 1981) (collecting cases). This abstention "is justified by the doctrine of comity, a recognition of the concurrent jurisdiction created by our federal system of government in the separate state and national sovereignties. Intrusion into state proceedings already underway is warranted only in extraordinary circumstances." *Id.*

Wilson did not demonstrate extraordinary circumstances to support intervention into the ongoing state proceedings by this Court. Consequently, his petition was denied. His motion for reconsideration does nothing to undermine the Court's conclusion. He has not demonstrated any palpable defect by which the Court was misled, and his motion for reconsideration will be denied.

Accordingly, it is **ORDERED** that Wilson's motion for reconsideration, ECF No. 8, is **DENIED**.

Dated: July 11, 2013                                  s/Thomas L. Ludington
                                                      THOMAS L. LUDINGTON
                                                      United States District Judge

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means, and upon Kevin Wilson #164099, G. Macomb Correctional Facility, 34625 26 Mile road, New Haven, MI 48048y first class U.S. mail, on July 11, 2013.

                        s/Tracy A. Jacobs
                        TRACY A. JACOBS